IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 1:08-cr-00025-MP-AK

DANNIE CHARLES REAVES,

    Defendant.

_____/

**O R D E R**

This matter is before the Court following a hearing on a conflict of interest that may preclude Stephen N. Bernstein from continuing as attorney for the defendant, Dannie Charles Reaves. Federal courts have a duty to strictly enforce the Sixth Amendment right to effective assistance of conflict-free counsel; however, under appropriate circumstances, a defendant may waive that right. United States v. Garcia, 517 F.2d 272, 276 (5th Cir. 1975), abrogated on other grounds by Flanagan v. United States, 465 U.S. 259, 263 & n.2, 104 S. Ct. 1051, 79 L. Ed. 2d 288 (1984). "A conflict of interest exists when defense counsel places himself in a position conducive to divided loyalties." United States v. Carpenter, 769 F.2d 258, 263 (5th Cir. 1985). If a defendant chooses to proceed with representation by counsel who has a conflict of interest, a district court must conduct what is commonly known as a "Garcia hearing" to ensure a valid waiver by the defendant of his Sixth Amendment right. See Garcia, 517 F.2d at 278. In order for a waiver to be valid, the Court must "ensure that the defendant (1) is aware that a conflict of interest exists; (2) realizes the potential hazards to his defense by continuing with such counsel under the onus of a conflict; and (3) is aware of his right to obtain other counsel." United States v. Greig, 967 F.2d 1018, 1022 (5th Cir. 1992).

On April 14, 2009, the Court held a <u>Garcia</u> hearing to determine whether Defendant's attorney, Mr. Bernstein, has a conflict of interest that precludes him from representing Defendant. At the hearing, Mr. Bernstein informed the Court that he currently represents another man, Jonathan Corey Smith, who was allegedly identified by Defendant in statements to law enforcement as being involved in the drug distribution conspiracy for which Defendant is being charged in this case. After informing the Court of his representation of Mr. Smith, Mr. Bernstein acknowledged that a conflict of interest will arise if the Government chooses to call Mr. Smith as a witness to testify against Defendant. If that were to occur – and it is not yet known whether that will in fact occur – Mr. Bernstein would be ethically precluded from cross-examining Mr. Smith. Nevertheless, Mr. Bernstein indicated that his client wished to waive the potential conflict and retain Mr. Bernstein as his attorney.

In order to ensure that Defendant did indeed wish to waive the potential conflict, the Court called Defendant forward and asked him whether he understood the nature and potential consequences of his attorney's potential conflict of interest. After stating that he understood the conflict, the Court informed Defendant of his option to retain other counsel and asked Defendant how he would like to proceed. Defendant stated in clear, unequivocal, and unambiguous language that he wished to waive the conflict of interest and retain Mr. Bernstein as his attorney. The Government then specifically asked Mr. Smith whether he understood that Mr. Smith could be called as a witness and that, in such a case, his attorney would be unable to cross-examine him and the jury would be free to accept Mr. Smith's testimony as true. Defendant stated that he understood. In response to a question by Mr. Bernstein, Defendant stated that he had been given sufficient time and opportunity to discuss the potential conflict with another lawyer, and, in

response to a followup question from the Court, Defendant stated that he did not wish to take more time and discuss the matter with another attorney.

As stated at the hearing, the Court finds that Defendant's waiver of Mr. Bernstein's potential conflict of interest was knowingly, intelligently, and voluntarily given. Defendant appeared alert and sober and responded without hesitation to all questions asked, and his waiver was proffered in a clear, unequivocal, and unambiguous sentence, rather than in a mere ascent to the Court's question. The Court is aware that it has discretion to reject even a valid waiver in order to protect the rights of all parties and preserve the appearance of fairness. Given the facts of this case, the potential for conflict, and Defendant's interest in retaining uninterrupted representation by the attorney of his choice, the Court does not believe that disqualification of Mr. Bernstein is necessary or appropriate at this stage. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendant's waiver of his attorney's potential conflict of interest, arising from his attorney's representation of a potential Government witness, is ACCEPTED as knowingly, intelligently, and voluntarily given.

**DONE AND ORDERED** this   *15th* day of April, 2009

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge