IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 1:08-cr-00025-MP-AK

DANNIE CHARLES REAVES,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 78, Motion for a <u>Kastigar</u> Hearing, filed by the defendant, Dannie Charles Reaves, and the response by the government thereto (Doc. 79).  In his motion, the defendant argues that the statements given by the defendant in a September 3, 2008, interview with law enforcement should be suppressed, along with any derivative evidence for which the government cannot demonstrate an independent source.  On May 13, 2009, the Court held a hearing on the defendant's motion.  For the reasons stated below, the motion will be granted in part and denied in part.

As an initial matter, the Court notes that the case on which the defendant relies, <u>Kastigar v. United States</u>, 406 U.S. 441, 92 S. Ct. 1653 (1972), is inapposite.  In <u>Kastigar</u>, the Supreme Court addressed the constitutionality of 18 U.S.C. § 6002, which compels a witness who invokes the Fifth Amendment privilege against compulsory self-incrimination to testify by conferring on the witness immunity from the use of the compelled testimony in subsequent criminal proceedings, as well as immunity from the use of evidence derived from the compelled testimony.  The Court held that the statute's grant of immunity was coextensive with the Fifth Amendment's protection against compulsory self-incrimination and therefore constitutional.

Kastigar, 406 U.S. at 453, 92 S. Ct. at 1661.  The Court also reaffirmed that:

> 'Once a defendant demonstrates that he has testified, under a grant of immunity, to matters related to the federal prosecution, the federal authorities have the burden of showing that their evidence is not tainted by establishing that they had an independent, legitimate source for the disputed evidence.'

Id. at 460, 92 S. Ct. at 1665 (quoting Murphy v. Waterfront Com'n, 378 U.S. 52, 79 n.18, 84 S. Ct. 1594, 1609 (1964)).

In the instant case, the defendant is not challenging the use of statements made during compelled testimony after an invocation of the Fifth Amendment privilege against compulsory self-incrimination.  Rather, the defendant is challenging the use of statements made during an interview with law enforcement.  That challenge is based not on 18 U.S.C. § 6002 but on Rule 11(f) of the Federal Rules of Criminal Procedure, which provides, "The admissibility or inadmissibility of a plea, a plea discussion, and any related statement is governed by Federal Rule of Evidence 410."  Rule 410 provides that statements made in any proceeding under Rule 11 are inadmissible, as are statements made in the course of plea discussions with a prosecuting attorney which do not result in a plea of guilty.  Fed. R. Evid. 410.  However, such statements are admissible "in a criminal proceeding for perjury or false statement if the statement was made by the defendant under oath, on the record and in the presence of counsel."  Id.

Unlike 18 U.S.C. § 6002, Rule 11(f) does not explicitly prohibit the use of evidence derived from statements protected under the rule, and the Eleventh Circuit has held that, absent such an explicit prohibition, Rule 11(f)'s exclusionary rule does not apply to derivative evidence. See United States v. Cusack, 827 F.2d 696, 697-98 (11th Cir. 1987) (per curiam); United States v. Rutkowski, 814 F.2d 594, 599 (11th Cir. 1987) (per curiam).

In his motion, the defendant objects to the use of statements he made to law enforcement

officers in an interview conducted on September 3, 2008, a report and summary of which is attached to Defendant's motion.  See Doc. 78 at 10-17.  The report and summary describes the interview as a "Rule 11 proffer."  At the time of the interview, the defendant was represented by attorney Steven Johnson, who was present at the interview.  The officers who conducted the interview are TFO Travis E. Devinny and TFO Gerald C. Hunter.  Id. at 10.

At the hearing, TFO Devinny testified that the interview was conducted with the understanding that the defendant's statements would not be used against him, except as provided under Rule 11.  According to TFO Devinny, the defendant's attorney explained to the defendant before the interview and in the presence of the officers that the defendant's statements were being made as part of a Rule 11 proffer and could not be used against him at trial.  TFO Devinny also testified that it is standard practice for him to contact the government to clear any such interviews beforehand, which appears to have been done in this case.

In its response to the motion, the government argues that Rule 11(f)'s protection for statements made in the course of plea negotiations does not apply to Defendant's September 3, 2008, statements because (1) the statements were made to law enforcement officers, rather than government counsel and (2) the interview was not a plea negotiation within the meaning of Rule 11(f).  Rather, the government argues that the defendant was "simply providing information after his indictment and arrest in an attempt to cooperate with law enforcement."  Doc. 79 at 4.

If that were the case, the defendant's statements would be admissible, because "[d]iscussions with a law enforcement agency in the spirit of cooperation and with hope for leniency, are not inadmissible under [Rule 11(f)]."  United States v. Keith, 764 F.2d 263, 265 (5th Cir. 1981) (citing United States v. Jimenez-Diaz, 659 F.2d 562, 568 (5th Cir. 1981)); see

also United States v. Jones, 32 F.3d 1512, 1517 (11th Cir. 1994); United States v. Davidson, 768 F.2d 1266, 1270 (11th Cir. 1985) ("[T]he automatic exclusion of Rule [11(f)] does not extend to statements made to law enforcement agents, as distinguished from government counsel.") (internal quotation and citation omitted); but see Keith, 764 at 266 (noting that statements may be inadmissible where "the accused 'exhibited an actual subjective expectation to negotiate a plea' *and* the 'expectation was reasonable, given the totality of objective circumstances.'") (quoting United States v. Robertson, 582 F.2d 1356, 1366 (5th Cir. 1978) (en banc)).

However, the Court finds that the September 3, 2008, interview was in fact conducted only after the officers obtained authorization from the government to conduct a Rule 11 proffer. Assistant United States Attorney Gregory P. McMahon stated at the hearing that he was contacted by the officers and informed that the defendant wished to give a statement in an attempt to obtain a substantial assistance motion from the Government. TFO Devinny testified that this was also his understanding at the time of the interview. The government also agreed with the defendant that it is standard practice in this district for the government to conduct Rule 11 proffers to obtain helpful information from defendants, in exchange for which the government may file a substantial assistance motion. Both attorneys indicated that this was done in lieu of negotiations for reduced charges, since it is generally the policy of the district to not allow defendants to plead guilty to lesser charges in cases of this type.

As long as the interviewing officers obtain authorization from government counsel beforehand, such "Rule 11 proffers," as the government refers to them, are plea negotiations within the meaning of Rule 11(f), i.e., "discussions (that take place) in advance of the time for pleading with a view to an agreement whereby the defendant will enter a plea in the hope of

receiving certain charge or sentence concessions." Jimenez-Diaz, 659 F.2d at 568 (internal quotations and citations omitted).  Had the officers in this case neglected to obtain authorization from government counsel to conduct a Rule 11 proffer, the Court would then have to determine whether the defendant had a subjective belief that he was engaging in protected plea negotiations and whether that belief was reasonable.  See Robertson, 582 F.2d at 1366.  Given the representations made to the defendant in the presence of the officers before the interview (representations to which the officers did not object), the Court does not believe that such a determination would change the Court's decision in this matter.  Because the defendant's September 3, 2008, statements were made as part of a plea negotiation under Rule 11(f), the Court holds that those statements are inadmissible at the defendant's trial, except as otherwise provided under Federal Rule of Evidence 410.

As for any evidence derived from those statements, the Court holds that Rule 11(f)'s exclusionary rule does not apply.  See Cusack, 827 F.2d at 697-98; Rutkowski, 814 F.2d at 599.  Therefore, in order to introduce any such evidence at trial, it is not necessary for the government to prove that it obtained the evidence from source independent of the defendant's September 3, 2008, statements.

In any event, it does not appear that application of an exclusionary rule as sweeping as the one provided for under § 6002 and Kastigar would influence the outcome of this case.  The Court has received under seal the government's case file and a transcript of the grand jury proceedings in this case.  The Court also heard testimony from TFO Devinny regarding what information was known to the government before the defendant's Rule 11 proffer.  Based on that testimony, it appears that the only new evidence obtained from the defendant's statements

related to the amount of drugs for which he and other co-conspirators were responsible.  It is also clear from the record of the grand jury proceedings, which took place before the defendant's Rule 11 proffer, that the government already had evidence that the defendant was involved in a conspiracy involving at least five kilograms of powder cocaine and at least 50 grams of cocaine base, which is the amount alleged in the indictment and is the threshold amount needed to meet the 10-year mandatory minimum sentence prescribed in 21 U.S.C. § 841(b)(1)(A).[1]

Finally, the Court recognizes that the use of evidence derived from Rule 11 proffers is not without potential for abuse.  See Cusack, 827 F.2d at 698-99 (Atkins, J., concurring).  If during trial or sentencing the defendant believes that the government is attempting to introduce specific evidence in violation of his Fifth Amendment privilege against compelled self-incrimination, he is of course free to renew his objection at that time.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

The motion at Doc. 78 is GRANTED to the following extent: pursuant to Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, the September 3, 2008, statements of the defendant to law enforcement may not be introduced as evidence at the defendant's trial, except as otherwise provided in Rule 410.  In all other respects, the motion at Doc. 78 is DENIED.

**DONE AND ORDERED** this _15th_ day of May, 2009

_s/Maurice M. Paul_
Maurice M. Paul, Senior District Judge

---

[1] The Court notes that, were 18 U.S.C. § 6002 and Kastigar to apply, the government would have been required to present evidence at a hearing establishing an independent source for all of the evidence that could have been derived from the defendant's September 3, 2008, statements, rather than simply providing the Court with its case file for an in camera review.  Because 18 U.S.C. § 6002 and Kastigar do not apply, and because Rule 11(f)'s exclusionary rule does not cover derivative evidence, no such hearing was required.

*Case No: 1:08-cr-00025-MP-AK*