IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.   CASE NO. 1:08-cr-25-SPM-GRJ

DANNIE CHARLES REAVES,

_____/

**O R D E R**

This case is before the Court on Doc. 278, Defendant's motion to supplement the pending motion to vacate pursuant to 28 U.S.C. § 2255, and Doc. 280, Defendant's motion for disclosure of records in order to prepare a reply to the Government's response. Defendant's motion to vacate stems from his guilty plea to conspiracy to distribute in excess of 100 kilograms of marijuana, for which he was sentenced to 70 months imprisonment by judgment entered on May 6, 2010. Defendant did not appeal.

The motion to vacate was filed on April 26, 2011, and alleges four claims of ineffective assistance of counsel in connection with his plea and sentence. Doc. 273. Specifically, Defendant alleges that: (1) his counsel was ineffective for failing to object to the calculation of his criminal history in the PSR; (2) his counsel was ineffective by failing to argue his eligibility for the "safety valve"; (3) his counsel was ineffective for failing to seek a downward departure; and (4) his counsel was ineffective for failing to request a continuance of the sentencing until the completion of his co-defendant's trial. *Id*.

The motion to supplement, Doc. 278, was filed on July 27, 2011, and seeks to add three additional grounds: (5) counsel was ineffective for failing to file a motion to

correct his sentence after the jury's determination of a lesser drug amount in the co-defendant's trial; (6) the Court erred in not continuing the sentencing on its own motion; and, (7) the Court erred in not modifying the defendant's sentence.

The Government filed a response, Doc. 279, addressing the claims raised in the motion to vacate, and asserting that claims (6) and (7) in the proposed supplement are time-barred, while claim (5) is subsumed in the original motion to vacate and addressed on the merits in the Response. Defendant has filed a reply in opposition to the Government's Response, Doc. 282.

## One-Year Limitation Period

Section 2255 provides:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). "A 1-year period of limitation shall apply to a motion under this section." *Id*. at § 2255(f). The one-year limitations period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*.

For purposes of the limitations period, Defendant's conviction became final when the 14-day period for filing an appeal elapsed on May 20, 2010. *See* Fed. R. App. P. 4(b)(1)(a) (2010). The limitations period expired one year later, on or about May 20, 2011. Defendant's original motion, Doc. 273, filed on April 26, 2011, was therefore filed within the one-year limitations period.

Defendant's proposed supplement asserting new claims was filed on July 27, 2011, beyond the one-year limitations period. Because Defendant's proposed supplemental claims are facially untimely under the one-year limitations period of 28 U.S.C. § 2255(f), they are barred unless they "relate back" to his original motion. *See* Fed. R. Civ. P. 15(c); *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000). The new claims "will relate back and be considered timely if they 'arose out of the conduct, transaction, or occurrence' set forth in his original § 2255 motion." *Davenport*, 217 F.3d at 1344. For relation back to apply, the untimely claims must "have more in common with the timely filed claims than the mere fact that they arose out of the same trial and sentencing proceeding." *Id*. Rather, the untimely claims "must have arisen from the 'same set of facts' as the timely filed claims, not from separate conduct or a separate occurrence in 'both time and type.'" *Id*. Rule 15(c) is not "so broad as to allow an amended pleading to add an entirely new claim based on a different set of facts." *Pruitt v. United States*, 274 F.3d 1315, 1318 (11th Cir. 2001). Thus, while the rule

"contemplates that parties may correct technical deficiencies or expand facts alleged in the original pleading, it does not permit an entirely different transaction to be alleged by amendment." *Pruitt*, 274 F.3d at 1318.

The Government concedes that the supplemental ineffective-assistance claim is related to the claim in Defendant's original motion to vacate regarding counsel's failure to move for a continuance of sentencing, and the Government has addressed that supplemental claim on the merits. As to the remaining supplemental claims asserting errors by the Court, rather than by counsel, they plainly stem from different facts than the ineffective-assistance claims asserted in the original motion, and therefore do not relate back to the original motion. Because they do not relate back to the timely motion to vacate, the Court concludes that they are time-barred.

Accordingly, it is **ORDERED:**

1. The motion to supplement, Doc. 278, is **GRANTED in part** to the extent that the Court will consider the ineffective-assistance claim asserted therein. No further briefing of the claim is necessary. In all other respects, the motion is **DENIED.**

2. In view of the filing of Defendant's Reply, Doc. 282, which appears to adequately respond to the Government's arguments in opposition to the motion to vacate, the motion for disclosure of records, Doc. 280, is **MOOT.**

**DONE AND ORDERED** this 1st day of November 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge